IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAXUM INDEMNITY COMPANY,

     Plaintiff,                             No. 2:11-cv-2014 GEB EFB

     vs.

COURT SERVICES, INC.,

     Defendant.                       FINDINGS AND RECOMMENDATIONS

_____/

This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff Maxum Indemnity Company's motion for entry of default judgment against defendant Court Services, Inc. Dckt. No. 19. A hearing on the motion was held on May 16, 2012. Attorney Elizabeth Musser appeared at the hearing on behalf of plaintiff; defendant failed to appear. For the reasons stated on the record at the hearing, as well as for the reasons stated herein, the undersigned recommends that plaintiff's motion for default judgment be granted.

I.     BACKGROUND

In this action, plaintiff Maxum Indemnity Company ("Maxum") seeks "a declaration that it has no duty to defend or indemnify Court Services in connection with *Mays v. Board of County Commissioners*, Case No. 1:09-cv-00662-WJ-KBM (D.N.M.) (the "Underlying Action"),

1

under a general liability insurance policy issued to Court Services, policy no. PRO 0031780-01, effective June 18, 2008 to June 18, 2009 (the "Maxum Policy")." First Am. Compl. ("FAC"), Dckt. No. 7, ¶ 1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because Maxum is a citizen of the States of Delaware and Georgia and Court Services is a citizen of the States of Nevada and California, and the amount in controversy exceeds $75,000, exclusive of interests and costs.  FAC ¶ 10.

The Underlying Action was commenced in July 2009 by Magan Marie Mays ("Mays"), who "alleges that she was taken to hotels and raped repeatedly by Court Services employee Albert Preston Long while she was being transferred from a prison in Tennessee to a prison in New Mexico."  FAC ¶ 16.  Mays' Second Amended Complaint in the Underlying Action asserts negligent hiring and supervision claims against Court Services, asserts that Court Services is negligent per se because it failed to comply with federal regulatory standards for transporting prisoners, asserts that Court Services violated Mays's Eighth and Fourteenth Amendment rights by failing to implement standards that would ensure her personal safety, and asserts a claim for false imprisonment.  Mays seeks compensatory damages, punitive damages, and costs of suit.

Maxum is currently defending Court Services under the Maxum Policy, subject to a complete reservation of rights.  FAC ¶ 23.  The Maxum Policy provides coverage for "property damage" and "bodily injury" caused by an "occurrence," and certain "personal and advertising injury" enumerated offenses, including false imprisonment.  FAC ¶¶ 26-33.  In this action, Maxum seeks a declaration that it has no duty to defend (first cause of action) or indemnify (second cause of action) Court Services in connection with the Underlying Action, alleging declaratory relief is proper since "[t]here exists a genuine and bona fide dispute, and an actual controversy and disagreement between Maxum and Defendants about whether Maxum has a duty to defend [or indemnify] Court Services in connection with the Underlying Action."  FAC ¶¶ 35, 40.

////

A certificate of service, filed December 14, 2011, demonstrates that the summons and complaint were served on Eric Scott Kindley, a person authorized to accept service of process for defendant, by leaving the first amended complaint and summons with "UPS Store Clerk Jane Doe," the person in charge of the UPS office at 1169 South Main Street, #295, Manteca, California on December 9, 2011, and by thereafter mailing the documents to Kindley on December 9 via First Class mail, postage prepaid. Dckt. No. 13. On February 14, 2012, pursuant to Maxum's request, the Clerk of Court entered defendant's default. Dckt. Nos. 15, 17. On April 2, 2012, Maxum moved for default judgment against defendant, Dckt. No. 19, and mail served a copy of the motion on defendant, Dckt. No. 19-12. Defendant has not filed any opposition to the motion and, as noted above, failed to appear at the May 23, 2012 hearing on the motion.

II.   DISCUSSION

   A.   Standards

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v.*

*Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

      B.      <u>Entitlement to Default Judgment</u>

Here, the court finds that the majority of the *Eitel* factors weigh in favor of granting Maxum's motion for default judgment and that Maxum be granted a declaration that it has no duty to defend or indemnify Court Services in the Underlying Action.

            1.    <u>Possibility of Prejudice to Maxum</u>

The first *Eitel* factor considers whether Maxum would suffer prejudice if default judgment is not entered, and such potential prejudice to Maxum militates in favor of entering default judgment.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, Maxum would potentially face prejudice if the court did not enter default judgment because absent entry of default judgment, Maxum would be without another recourse for recovery and could be forced to continue its defense of Court Services in the Underlying Action.  Accordingly, the first *Eitel* factor favors the entry of default judgment.

            2/3.    <u>Merits of Maxum's Substantive Claim/Sufficiency of the Complaint</u>

The second and third factors also favor the entry of default judgment.  As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages.  *TeleVideo Systems, Inc.*, 826 F.2d at 917-18.  Here, Maxum's first amended complaint and evidence in support of its default judgment motion establish that Maxum is entitled to the declaratory relief it seeks.  For declaratory relief, there must be "'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'"  *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)); 28 U.S.C. § 2201(a) ("In a case of

actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); 28 U.S.C. § 2202 ("[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."); *see also Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410 (1989) (Pursuant to California law, a complaint for declaratory relief must demonstrate the following: (1) a proper subject of declaratory relief and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party); Cal. Civ. Proc. Code § 1060 ("Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . [regarding] any question of construction or validity arising under the instrument or contract.").

Here, taking plaintiff's allegations as true, plaintiff is entitled to a declaration that it does not have a duty to defend or indemnify Court Services under the Maxum Policy in connection with the Underlying Action. Although the Maxum Policy provides coverage for "property damage" and "bodily injury" caused by an "occurrence," and certain "personal and advertising injury" enumerated offenses, including false imprisonment, (a) the Underlying Action does not seek damages arising out of "property damage"; (b) the Underlying Action does not seek damages arising out of any "bodily injury" caused by an "occurrence" (defined as "an accident"), because Mays' claims for bodily injury in the Underlying Action arise out of an intentional assault and rape; (c) any potential for "bodily injury" coverage under the Maxum Policy for the Underlying Action is eliminated by the Policy's "Designated Work" and "Designated Ongoing Operations" exclusions, which eliminate the potential for coverage of

ongoing and completed operations arising out of prisoner transportation services; and (d) any potential for "personal and advertising injury" coverage under the Maxum Policy is limited by the "Assault and Battery Coverage Sublimit," which provides $25,000 per claim and $50,000 aggregate limits for claims "caused by" (1) "assault and battery committed by any person," (2) "[t]he failure to suppress or prevent assault and battery by any person," (3) "[t]he failure to provide an environment safe from assault and battery …," or (4) "[t]he negligent hiring, supervision, or training of any person." *See generally* FAC; *see also* DeJesso Decl., Dckt. No. 19-1, ¶ 4, Ex. A (Maxum Policy).  As of the time Maxum filed the first amended complaint herein, Maxum had "paid more than $59,000 in defense fees, costs, and expenses on behalf of Court Services in connection with the Underlying Action." FAC ¶ 24.  As of March 2012, Maxum had paid more than $95,000 in defense fees, costs, and expenses on behalf of Court Services in connection with the Underlying Action. DeJesso Decl. ¶ 11.

Accordingly, the second and third *Eitel* factors favor the entry of default judgment.

### 4. Sum of Money at Stake

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, the sum of money at stake does not clearly weigh for or against granting the motion.  Although Maxum is not seeking monetary damages herein (suggesting this factor weighs in Maxum's favor), a declaration that Maxum does not need to indemnify or defend Court Services could have a significant monetary impact on Court Services.

### 5. Possibility of a Dispute Concerning the Material Facts

The fifth factor also weighs in favor of granting Maxum's motion for default judgment. The facts of this case are relatively straightforward, and Maxum has provided the court with well-pleaded allegations supporting its claims.  Here, the court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default and, thus, there is a

very low likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal.2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

### 6. Whether the Default Was Due to Excusable Neglect

The sixth factor also weighs in Maxum's favor. Court Services did not respond to Maxum's complaint, even though Maxum agreed to an extension of Court Services' time to answer so that it could obtain counsel, and delayed an additional week in seeking Court Services' default. Court Services still has not appeared in this action or responded to the motion for default judgment, despite receiving notice of it. Thus, the record suggests that Court Services has chosen not to defend itself in this action, and not that the default resulted from any excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were properly served with the complaint, the notice of entry of default, and the papers in support of the motion for default judgment).

### 7. Policy Favoring Decisions on the Merits

Finally, the seventh *Eitel* factor weighs against granting the motion for default judgment. The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan.11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, although there is a strong policy favoring decisions on the merits, that policy does not by itself preclude entry of default

judgment.

Therefore, because the *Eitel* factors weigh in favor of granting default judgment to Maxum, the undersigned will recommend granting Maxum's motion.[1]

### III. CONCLUSION

Based on the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Maxum's motion for default judgment, Dckt. No. 19, be granted; and

2. Maxum be awarded a declaration stating that it has no duty to defend or indemnify Court Services, Inc. in the Underlying Action entitled *Mays v. Board of County Commissioners*, Case No. 1:09-cv-00662-WJ-KBM (D.N.M.).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing on Maxum's motion, Maxum's counsel indicated that Maxum is not seeking to recover its costs in this action.